## United States Bankruptcy Court
**District of Utah**

In re  Lynn R Myers & Christine E Myers  
Debtor(s)

Case No.  25-25879  
Chapter  7

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, Debtor(s) has agreed to pay | $ **1500.00** |
   | Prior to the filing of this statement I have received | $ **0.00** |
   | Balance Due | $ **1500.00** |

2. The source of the compensation paid to me was:

   ☐ Debtor    ☐ Other (specify):    ☒ Not Applicable

3. The source of compensation to be paid to me is:

   ☒ Debtor    ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

   Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding. Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods. However, counsel does understand his obligations under the local rule and his requirement to withdraw in accordance with the local rule if such should be necessary.

7. Counsel offered debtor(s) two options for the payment of counsel's fees: (1) pre-pay the fees in full prior to the Chapter 7 bankruptcy petition being filed, or (2) bifurcate the attorney services into pre- and post-petition work in order to facilitate the debtor(s) obtaining the benefit of being filed right away and making payments post-petition for the post-petition work. Counsel charges a higher fee for the second option. There are a number of reasons for charging a higher fee:

   a. Counsel performs additional work to split the engagement;
   b. Counsel takes on risk by allowing the debtor to pay the attorney fee over time instead of collecting the entire fee up front;
   c. The option provides the debtor(s) with the benefit of a quicker filing than if the debtor(s) had to come up with the money to pay in advance;
   d. The option gives debtor(s) an opportunity to begin rebuilding their credit score by making timely payments toward the attorney fee;
   e. Counsel will not charge the debtor additional fees for certain services that if required would otherwise cost the debtor(s) more if debtor(s) had paid the entire fee before the case was filed; and
   f. Counsel incurs fees for to collect on the account.

This higher fee nonetheless satisfies the reasonability requirement under Section 329 applying the Lodestar analysis. The additional cost was fully disclosed to debtor(s) and debtor(s) chose the second option.

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
(Continuation Sheet)

8.     Debtor and counsel entered into two, separate fee agreements for pre- and post-petition work.

    a.    The first, pre-petition fee agreement was signed prior to the filing of the petition for the preparation and filing of the bankruptcy petition, statement about social security number, creditor list and other documents required at the time of filing; and review, analysis and advisement of the typical matters that are required to be performed prior to filing by a bankruptcy attorney under the applicable bankruptcy and ethical rules. Counsel's fees paid under the first fee agreement (if any) are shown in Section 1 above as "Prior to the filing of this statement I have received", and any fees earned but not paid for the pre-petition work were waived by counsel.

    b.    The second, post-petition fee agreement was signed after the petition was filed for post-petition work to be performed, including the preparation of schedules of assets and liabilities, and statement of financial affairs; preparation and filing of other required documents; representation at the first meeting of creditors; and other services outlined in the fee agreement.  Counsel's fees owed by debtor under the second fee agreement for post-petition work are reflected in Section 1 above as the Balance Due.  The second fee agreement allows the debtor(s) to pay these post-petition fees and costs in installments over 12 months following the bankruptcy filing.

9.     Counsel has fully informed debtor(s) and obtained their informed consent to the bifurcation of services.

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated    10/14/2025

/s/ Ted F. Stokes
**Ted F. Stokes 14891**
**Stokes Law PLLC**
**2072 North Main Suite 102**
**North Logan, UT 84341**
**(435) 213-4771   Fax: (888) 443-1529**
**ted@stokeslawpllc.com**